Joe LANE, Jr., Appellant,

v.

Tom O. SHERRILL et al., Appellees.

No. 13272.

Court of Civil Appeals of Texas, Austin.

April 1, 1981.

**620**

Paul E. Knisely, Spivey & Grigg, Austin, for appellant.

Jim Arnold, Jr., and Elizabeth R. Todd, Austin, for appellees.

PHILLIPS, Chief Justice.

This case involves the construction of a will. Appellee Tom O. Sherrill filed an application for probate of a 1978 holographic will of decedent, Roy C. Lane, and for the issuance of letters of administration with will annexed. Two months later, upon discovery of an additional 1974 holographic will drawn by decedent Lane, appellee Sherrill filed an amended application for probate, joined therein by appellees, Joe H. Bunch and Elizabeth S. Wood.

Appellant Joe Lane, Jr., the nephew and sole heir of the decedent, contested the probate of either or both of the wills.

Trial was to the court sitting without a jury. The trial court admitted both wills to probate, and after construing them as a single will, ruled in favor of the construction of the will advanced by appellees. Appellant, Joe Lane, Jr., has duly perfected his appeal to this Court.

We affirm.

The facts of this case are virtually undisputed. Roy C. Lane died in May, 1979, at the age of 85 years. He had never married and at the time of his death, his closest living relative was his nephew, appellant Joe Lane, Jr.

Prior to his death, Roy C. Lane executed two testamentary instruments in his own handwriting and signed by him. The first will was written on August 15, 1974. This will appointed Tom O. Sherrill as Executor, and made specific bequests to Sherrill of: (1) a vendor's lien note payable to Roy C. Lane; and (2) certain funds in the First Federal Savings and Loan in Austin. This will also included a residuary clause leaving all other decedent's personal possessions to Tom O. Sherrill.

The second holographic will was executed by Roy C. Lane on October 26, 1978. It further directed:

"[T]hat my administrators, named below shall establish a trust in the name of Tom O. Sherrill, Austin and Corpus Christy [*sic*], Texas: Joe H. Bunch, Austin Texas; Mrs. Elizabeth S. Wood; Austin Texas. The said trust shall dispose of any and all assits [*sic*] I now own or shall be possessed of at and after my death."

The trust was directed to hold the deed of trust note and to divide the payments from the note among Tom O. Sherrill, St. George's Episcopal Church, and the Episcopal Church of the Resurrection, with the churches to divide such payments, if any, as might become due after Sherrill's death.

The 1978 will additionally bequeathed a $100,000 certificate of deposit at Gibraltar Savings Association in Corpus Christi to Tom O. Sherrill, and a gold ring to the Witte Museum in San Antonio. The will further devised to Tom O. Sherrill a life estate in the decedent's residence at 1300 Bluff Street in Austin, with the remainder to go to the Episcopal churches.

Finally, the 1978 will stated that the decedent did not feel obligated to leave any of his possessions to his nephew, appellant Joe Lane, Jr.

Apart from the items of property specifically mentioned above, the decedent's estate consists of two accounts at the First Federal Savings at Austin totalling $40,289.22;

an account at the American National Bank for $9,900.41; and an account at the Capital National Bank for $4,781.15 (both banks in Austin). There were also miscellaneous furniture and other household and personal belongings.

As we stated above, the trial court found that the two wills were not wholly inconsistent in their dispositions of decedent's property and could be construed together as one will. The court further held that the decedent's use of the term "trust" in the 1978 will had a two-fold meaning: that it established a testamentary trust for the purpose of distributing the proceeds of the deed of trust note; but as to the other assets in the estate it merely directed the executors to distribute the assets in accordance with the executors' regular duties. The trial court concluded that the residuary clause of the 1974 will remained effective to leave the residue of the decedent's estate to Tom O. Sherrill.

Appellant is before us on a number of points which, in effect, contend that the second will revoked the first will by necessary implication and that, because of an ineffective attempt to create a trust in the second will, a partial intestacy resulted.

## I.

■ Appellant contends the 1978 will was intended as, and was, a substitute to the 1974 will; that it is not necessary that there be an express revocation clause in order to effectuate a revocation of an earlier will; to the extent of any and all inconsistencies or differences between the two instruments with regard to the disposition of identical properties, the latter instrument controls and revokes the provisions of the earlier testament.

Appellant contends that if decedent's 1978 will made dispositive provisions wholly inconsistent with the provisions of his 1974 will, the two instruments cannot stand together, and the intentions expressed in the second will—whether effective or not to dispose of the entire estate—must be considered and construed without resort to the first will as if such first will had never existed.

In this respect, appellant maintains that the 1978 will makes no reference to the earlier testament and does not purport to amend or supplement it. To the contrary, appellant contends that the 1978 will expressly states that it is intended as "the last will and testament of Roy C. Lane." Appellant also contends that the dispositive scheme set forth in the 1978 will is so completely inconsistent with that of the 1974 will that a complete revocation of the earlier will is the inevitable result. In fact, he claims that all of the specific bequests and devises of the 1974 will were altered in the 1978 will and, therefore, were revoked by necessary implication. Appellant finally contends that the provisions of the later will reflect a change in executors and direct the establishment of a trust to hold any and all assets of the estate and to be managed by the executors. Thus, the dispositive provisions of the two instruments are completely different and inconsistent and simply cannot be construed together and harmonized.

We do not agree.

The testator clearly knew how to revoke a will, inasmuch as the 1974 will contained an express revocation of all prior wills. Had he similarly intended that the 1978 will revoke the 1974 will in its entirety, as claimed by appellant, it is reasonable to believe that the testator would have used language far more explicit than that relied upon by appellant.

## II.

■ The decedent, in the 1978 will, directs "that my administrators ... shall establish a trust in the name of Tom O. Sherrill.... The said trust shall dispose of any and all assits [sic] I now own or shall be possessed of at and after my death." The appellant contends that the testator creates a trust containing the bulk of the estate. Appellant then contends that the trust must fail since the identity of the trust beneficiary and the trust property is uncertain. The sole heir, Joe Lane, Jr.,

would then take under the statutes of descent and distribution. *See Harris v. Strawbridge*, 330 S.W.2d 911 (Tex.Civ.App. 1959, writ ref'd n. r. e.).

A cardinal rule in a case such as we have here is to ascertain the intention of the testator. *Harris v. Strawbridge, supra.* The language quoted above is similar to Section 37 of the Texas Probate Code which provides:

"(T)he executor ... shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

In our judgment, the finding of the trial court that the testator clearly intended to impose the primary executorial duty of disposing of (*i. e.,* distributing) the estate to the persons entitled thereto is correct. The use of the expression "in trust" in § 37 does not make an executor a "trustee" under the law.[1] Likewise, use of the term "dispose" does not mean that title passes to the executor; to the contrary, title vests in the beneficiaries immediately upon the death of the testator and *not* in the executor.[2] We must realize that testator was a layman, not a lawyer, so the term "dispose" should be given its common meaning to "distribute."[3]

We note that testator chose language which extends to *all* of his property, yet it is equally beyond dispute that certain of decedent's assets cannot, under any interpretation, be placed within the testamentary trust sought by appellant. The only reasonable explanation is that decedent simply intended to direct his administrators (*i. e.,* the "trust") to perform the primary executorial function of distributing *all* of his estate to persons entitled thereto.

The decedent then imposed duties upon the executors which went beyond the usual executorial functions by directing the "trust" to hold and distribute the proceeds from the deed of trust note. The trial court found that the following language:

"This trust shall hold a vendors lien note executed to me in 1974 by Dr. Chas Burnette .... The income from said note shall be divided to Tom O. Sherrill, St. George's Episcopal Church, Episcopal Church of the Ressurection [*sic*]; of Austin, Texas and Tom O. Sherrill, named above. If Tom O. Serrill [*sic*] should die before note is paid off the balance shall be divided equally between the two churches named above."

created a testamentary trust by necessary implication for the benefit of Tom O. Sherrill, St. George's Episcopal Church, and the Episcopal Church of the Resurrection during the life of Tom O. Sherrill, with a trust remainder interest, if any, following Tom O. Sherrill's death in the two churches equally. In so finding, the trial court implied a grant to the executors, acting as trustees, of such interest in the note as was necessary to the trust duties assigned them.[4] The deed of trust note is the only property with regard to which the above-mentioned disposition may be implied.

There is no dispute that the 1978 will revokes, by necessary implication, certain specific parts of the 1974 will. The designation of Joe Bunch and Elizabeth Wood to serve as executors in the 1978 will is inconsistent with the designation of Tom O. Sherrill as executor in the 1974 will. The 1978 bequest of the deed of trust note to Tom O. Sherrill and the two Episcopal churches is inconsistent with the 1974 bequest to Tom O. Sherrill alone. The 1978 bequest of the gold ring to the Witte Museum is inconsistent with that part of the 1974 residuary bequest to Tom O. Sherrill which would have included the ring. With regard to the remaining property included in the 1974 will, we find no conflicting language from which revocation by necessary implication must arise. The 1978 will may be readily and fully harmonized by the 1974 will by simply giving the words "trust

---

1. See *Roberts v. Kenna*, 241 S.W.2d 680 (Tex. Civ.App.1951, no writ).

2. Tex.Probate Code § 37 (1980).

3. *Webster's Third New International Dictionary*, P. 654 (1966).

4. *Bell v. Board of Directors*, 219 S.W.2d 93 (Tex.Civ.App.1949, writ ref'd n. r. e.).

shall dispose of any and all assets" their plain and natural meaning, that is, a direction of executorial duties. This construction comports with the testator's apparent intention to benefit Tom O. Sherrill substantially and to exclude Joe Lane, Jr., completely. Such a construction is reasonable and harmonizing, while that proposed by appellant is strained, doubtful and revocatory. Under such circumstances, the former construction must be adopted.[5]

### III.

Should we have followed appellant's argument and found that the 1978 will revoked the 1974 will *in toto* by necessary implication or that the 1978 will created an invalid trust and therefore a partial intestacy occurred, we would have violated certain well established rules of testamentary construction.

First, as we pointed out above, a holographic will should be liberally construed to effect the testator's intent.[6] Second, a clearly expressed intention in one part of a will will not yield to a doubtful construction in another. Where a testator has executed more than one will or a will with a codicil, the instruments will be construed together as the last will and testament of the testator except to the extent of revocation.[7] Third, the law favors testate over intestate passage of property.[8] Fourth, the court should reject an interpretation which results in the testator's having done a useless thing.[9] Finally, the court should avoid a construction which contravenes the intent expressed in the will as a whole.[10]

Consequently, we affirm the judgment of the trial court.

Affirmed.

---

**5.** *Roberts v. Drake*, 380 S.W.2d 657 (Tex.Civ. App.1964), writ ref'd n. r. e.); *First Christian Church of Temple v. Moore*, 295 S.W.2d 931 (Tex.Civ.App.1956, writ ref'd n. r. e.).

**6.** *Gilkey v. Chambers*, 146 Tex. 355, 207 S.W.2d 70 (1947).

**7.** *Harris v. Strawbridge, supra.*

**8.** *Id.*

**9.** *Briant v. McGown*, 15 S.W.2d 1110 (Tex.Civ. App.1929, writ ref'd).

**10.** *Lindsey v. Rose*, 175 S.W. 829 (Tex.Civ.App. 1915, writ ref'd).